◼ LANNETTE SANABRIA, Appellant, v ANTHONY PADUCH, Respondent. [876 NYS2d 874]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Alessandro, J.), dated June 2, 2008, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff was operating her motor vehicle on Goshen Turnpike when it was struck by the defendant's vehicle as he backed out of his driveway. The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting proof that the defendant violated Vehicle

and Traffic Law § 1211 (a) (unsafe backing-up) and § 1143 (failure to yield the right-of-way) (*see generally Cavitch v Mateo*, 58 AD3d 592 [2009]; *Moreno v Gomez*, 58 AD3d 611 [2009]; *Palomo v Pozzi*, 57 AD3d 498 [2008]).

The defendant did not submit an affidavit setting forth his version of the occurrence. The motion was opposed solely by an affirmation of counsel, which was insufficient to raise a triable issue of fact (*see Wesh v Laidlaw*, 59 AD3d 534 [2009]; *Prince v Accardo*, 54 AD3d 837, 838 [2008]). The defendant failed to make an evidentiary showing that discovery would yield material and relevant evidence (*see LKE Family Ltd. Partnership v Gillen Living Trust*, 59 AD3d 602 [2009]; *Board of Mgrs. of Park Regent Condominium v Park Regent Unit Owners Assoc.*, 58 AD3d 589 [2009]; *Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d 503, 505 [2008]). The defendant's contentions regarding discovery were mere expressions of hope and speculation that a deposition of the plaintiff might disclose relevant information sufficient to defeat the motion (*see Brewster v Five Towns Health Care Realty Corp.* 59 AD3d 483 [2009]; *Lauriello v Gallotta*, 59 AD3d 497 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.