■ VITTORIO STROCCHIA et al., Respondents, v CITY OF NEW YORK et al., Defendants, and MARILENA POPA, Appellant. [894 NYS2d 531]—

In an action to recover damages for personal injuries, etc., the defendant Marilena Popa appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 6, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs payable by the respondents, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her is granted.

This action arises from a two-car motor vehicle accident, in which a truck owned by the defendant City of New York, and operated by the defendant Eugene McNeil, which was exiting a driveway in the Maspeth section of Queens, collided with a vehicle operated by the defendant Marilena Popa (hereinafter the appellant), in which her grandson, the infant plaintiff Vittorio Strocchia was riding.

After joinder of issue, the appellant moved for summary judgment dismissing the complaint insofar as asserted against her.

The appellant established her prima facie entitlement to judgment as a matter of law by submitting proof that the defendant McNeil violated Vehicle and Traffic Law § 1143 (failure to yield the right-of-way) (*see Sanabria v Paduch*, 61 AD3d 839 [2009]). In opposition, no triable issue of fact was raised (*see* CPLR 3212 [b]). The appellant's acknowledgment at her deposition that she did not see the truck being operated by McNeil until the impact was insufficient to raise a triable issue of fact, and was, therefore, insufficient to defeat the motion for summary judgment (*see Gravina v Wakschal*, 255 AD2d 291 [1998]). Furthermore, McNeil's conclusory testimony that the appellant's car "was moving very fast" was unsupported by any evidence and speculative, given his other testimony that he saw the appellant's motor vehicle for the first time immediately prior to the impact (*see Batts v Page*, 51 AD3d 833 [2008]).

The remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.