■ THOMAS DIMOU, Appellant, v ANN MARIE IATAURO et al., Respondents. [899 NYS2d 308]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated December 15, 2008, which granted the motion of the defendants Ann Marie Iatauro and Brittany S. Calhoun, and the separate motion of the defendant Baldassare Sarnelli, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This action arises from an automobile accident which occurred on April 2, 2004, at the intersection of Central Avenue and West 9th Street in Deer Park. On that date, the defendant Brittany S. Calhoun was driving a vehicle owned by the defendant Ann Marie Iatauro eastbound on Central Avenue when her vehicle struck a vehicle being driven by the plaintiff. It is undisputed that the only traffic control device at the intersection was a stop sign governing the plaintiff's direction of travel on West 9th Street. At his deposition, the plaintiff admitted that he failed to come to a complete stop at the stop sign before entering the intersection, and that he did not see the vehicle being driven by Calhoun until it hit him. However, the plaintiff alleges that his view of the stop sign was blocked by a landscaping truck owned by the defendant Baldassare Sarnelli, which was illegally parked within 30 feet of the stop sign in violation of Vehicle and Traffic Law § 1202 (a) (2) (c). After the completion of depositions, Calhoun and Iatauro moved for summary judgment dismissing the complaint insofar as asserted against them, and Sarnelli separately moved for the same relief. The Supreme Court granted the defendants' separate motions, and we affirm.

Calhoun and Iatauro made a prima facie showing of their entitlement to judgment as a matter of law through the deposition testimony of the parties. The plaintiff's admitted failures to come to a complete stop at the stop sign controlling traffic on West 9th Street as required by Vehicle and Traffic Law § 1172 (a), to yield the right-of-way to Calhoun's approaching vehicle as required by Vehicle and Traffic Law § 1142 (a), and to see that vehicle until the moment of impact, demonstrate his negligence as a matter of law (*see Khan v Nelson*, 68 AD3d 1062 [2009]; *Yelder v Walters*, 64 AD3d 762, 763-764 [2009]; *Rahaman v Abodeledhman*, 64 AD3d 552, 553 [2009]; *Jaramillo v Torres*, 60 AD3d 734, 735 [2009]; *Batts v Page*, 51 AD3d 833, 834 [2008]). In opposition, the plaintiff failed to raise a triable

issue of fact as to whether Calhoun, who had the right-of-way and was entitled to anticipate that the plaintiff would obey traffic laws requiring him to yield, was comparatively negligent in failing to avoid the collision (*see Strocchia v City of New York*, 70 AD3d 926 [2010]; *Yelder v Walters*, 64 AD3d at 764; *Rahaman v Abodeledhman*, 64 AD3d at 554; *Jaramillo v Torres*, 60 AD3d at 735; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 652 [2008]).

Sarnelli also made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidentiary proof that none of the trucks he owned on the date of the accident matched the description of the landscaping truck which allegedly blocked the plaintiff's view of the stop sign at the time of the accident, and that, in any event, none of his trucks were parked near the intersection where the accident occurred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.