**47** SHIRAN VAINER, Plaintiff, v C.J. DISALVO et al., Respondents, and ALEXZA SANTIAGO, Appellant. [914 NYS2d 236]—

In an action to recover damages for personal injuries, the defendant Alexza Santiago appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 11, 2010, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs payable by the defendants C.J. DiSalvo and Joanne M. DiSalvo, and the motion of the defendant Alexza Santiago for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

The plaintiff allegedly was injured when she was a passenger in a vehicle owned and operated by the defendant Alexza Santiago, which collided with a vehicle owned by the defendant Joanne M. DiSalvo and operated by the defendant C.J. DiSalvo (hereinafter C.J.; together the DiSalvos). Immediately preceding the accident, the two vehicles were traveling in the same direction on Ring Road which encircles the parking area at the Staten Island Mall (hereinafter the mall), with Santiago's car traveling in the right lane and C.J.'s car in the left lane. When C.J. observed a parking spot located to the right of Ring Road in the parking lot of the mall, he made a sudden right turn in front of the lane in which Santiago's car was traveling in an attempt to enter the parking lot.

Santiago moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. While the plaintiff did not oppose Santiago's motion, the DiSalvos did. The Supreme Court denied Santiago's motion, finding that a triable issue of fact existed. We reverse.

Santiago established her prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that C.J. made a sudden right turn from the left lane in violation of Vehicle and Traffic Law § 1128 (a); § 1160 (a) and § 1163 (a). C.J. testified at his deposition that, as he was driving in the left lane, he saw a parking spot in the parking lot to the right of Ring Road, causing him to turn right from the left lane crossing the right lane in which Santiago was traveling so that the ac-

cident occurred as his vehicle was perpendicular to Ring Road. C.J. also testified that he observed the parking spot only seconds before the accident occurred. The plaintiff and Santiago submitted affidavits corroborating C.J.'s version of how the accident occurred.

A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (*see Botero v Erraez*, 289 AD2d 274 [2001]; *Ferrara v Castro*, 283 AD2d 392 [2001]; *Packer v Mirasola*, 256 AD2d 394 [1998]). Through C.J.'s testimony and the affidavits, Santiago established that DiSalvo was negligent as a matter of law (*see e.g. Dimou v Iatauro*, 72 AD3d 732 [2010]; *Blangiardo v Hirsch*, 29 AD3d 841 [2006]; *Gomez v Sammy's Transp., Inc.*, 19 AD3d 544 [2005]; *Bous v Fahey*, 250 AD2d 638 [1998]). She also established that C.J.'s negligence was the sole proximate cause of the accident, without any comparative negligence on her part. While a driver is required to "see that which through proper use of [his or her] senses [he or she] should have seen" (*Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005] [internal quotation marks omitted]; *see Thompson v Schmitt*, 74 AD3d 789 [2010]; *Mohammad v Ning*, 72 AD3d 913, 915 [2010]; *Bolta v Lohan*, 242 AD2d 356 [1997]), a driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Dileo v Barreca*, 16 AD3d 366, 367-368 [2005]; *Morgan v Hachmann*, 9 AD3d 400 [2004]). "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009]; *see Jaramillo v Torres*, 60 AD3d 734 [2009]; *DeLuca v Cerda*, 60 AD3d 721 [2009]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

In opposition to Santiago's prima facie showing of her entitlement to judgment as a matter of law, the DiSalvos failed to raise a triable issue of fact. The DiSalvos' opposition to the motion, in part, consisted of speculative assertions (*see Thompson v Schmitt*, 74 AD3d 789 [2010]; *Barbaruolo v DiFede*, 73 AD3d 957 [2010]; *Persaud v Darbeau*, 13 AD3d 347, 348 [2004]; *Ferrara v Castro*, 283 AD2d 392 [2001]), and otherwise failed to raise a triable issue of fact as to whether Santiago was negligent in failing to avoid the collision (*see DeLuca v Cerda*, 60 AD3d 721 [2009]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

Accordingly, the Supreme Court should have granted Santiago's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.