■ ELIAS RECINOS, Appellant, v ANTHONY PRIAMO, Respondent. [941 NYS2d 518]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), entered January 10, 2011, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 11, 2011, which, upon the order, is in favor of the defendant and against him dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant established his prima facie entitlement to judgment as a matter of law by submitting proof that the plaintiff's violation of Vehicle and Traffic Law § 1143 by failing to yield the right-of-way was the sole proximate cause of the subject collision (*see Vainer v DiSalvo*, 79 AD3d 1023, 1023-1024 [2010]; *Strocchia v City of New York*, 70 AD3d 926, 927 [2010]; *Sanabria v Paduch*, 61 AD3d 839, 839-840 [2009]). In opposition thereto, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.