■ JACQUELINE ESPINAL VAZQUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and MANUEL REINOSO, Respondent. (Action No. 1.) GEICO INDEMNITY COMPANY, as Subrogee of Manuel Reinoso, Plaintiff, v MTA BUS COMPANY et al., Appellants. (Action No. 2.) [941 NYS2d 887]—

In related actions, inter alia, to recover damages for personal injuries, which were joined for trial, the defendants New York City Transit Authority, MTA Bus Company, and Donna M. Nelson appeal from an order of the Supreme Court, Queens County (Gavrin, J.), dated May 10, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1 and dismissing the complaint in action No. 2.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent and the defendant-respondent, and the motion of the defendants New York City Transit Authority, MTA Bus Company, and Donna M. Nelson for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1 and dismissing the complaint in action No. 2 is granted.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way (*see* Vehicle and Traffic Law § 1128 [a]; § 1143; *Bonilla v Calabria*, 80 AD3d 720 [2011]; *Jacino v Sugerman*, 10 AD3d 593, 595 [2004]). Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision (*see Yelder v Walters*, 64 AD3d 762, 764 [2009]; *Bonilla v Calabria*, 80 AD3d 720 [2011]), a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision (*see Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Yelder v Walters*, 64 AD3d at 764).

In support of their motion for summary judgment, the defendants New York City Transit Authority, MTA Bus Company, and Donna M. Nelson (hereinafter collectively the appellants) demonstrated their prima facie entitlement to judgment as a matter of law with evidence that a bus owned by the New York City Transit Authority and the MTA Bus Company and operated by Nelson was lawfully proceeding northbound in the service lane of Woodhaven Boulevard and that a vehicle operated by Manuel Reinoso, a defendant in action No. 1, in which the plaintiff in action No. 1, Jacqueline Espinal Vazquez, was a passenger, illegally entered the service lane without yielding the right-of-way to the appellants' bus, and that, within seconds, the two vehicles collided (*see* Vehicle and Traffic Law § 1128 [a]; § 1143; *Jaramillo v Torres*, 60 AD3d 734, 735 [2009]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 651-652 [2008]). In opposition, neither Vazquez nor Reinoso raised a triable issue of fact with respect to the appellants' alleged negligence (*see*

*Jaramillo v Torres*, 60 AD3d at 735; *Gravina v Wakschal*, 255 AD2d 291, 292 [1998]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1 and dismissing the complaint in action No. 2. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.