In an action, inter alia, to recover damages for assault and battery, the defendant appeals from a judgment of the Supreme Court, Nassau County (Diamond J.), entered January 20, 2011, which, upon an order of the same court (Phelan, J), dated April 15, 2010, granting the plaintiffs oral application to strike the answer based on the defendant’s failure to appear at a compliance conference, upon an order of the same court (Phelan, J.), entered August 30, 2010, denying the defendant’s motion to vacate the order dated April 15, 2010, and after an inquest on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $100,000.
Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the defendant’s motion to vacate the order dated April 15, 2010, is granted, the application to strike the answer is granted to the extent of imposing a *1069 sanction on the defendant in the sum of $1,000 payable to the plaintiff, and the application is otherwise denied, the order entered August 30, 2010, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The defendant allegedly punched the plaintiff in the face using a metal object. After this action was commenced, the defendant, proceeding pro se, failed to appear for a compliance conference on March 18, 2010. The conference was rescheduled for April 13, 2010. On April 12, 2010, the defendant appeared to be deposed. However, the next day, the defendant again failed to appear for the compliance conference. The plaintiff made an oral application to strike the answer, and the Supreme Court granted it in an order dated April 15, 2010, citing the defendant’s failure to comply with a compliance conference order entered January 14, 2010. The defendant moved to vacate the order dated April 15, 2010, on the ground, inter alia, that it was an inappropriate sanction. The Supreme Court denied the motion in an order entered August 30, 2010. The defendant appealed from the order dated August 30, 2010, but the appeal was dismissed by this Court on July 29, 2011, for failure to perfect the appeal. Meanwhile, an inquest was held on damages, after which the Supreme Court awarded the plaintiff the principal sum of $100,000 for past pain and suffering. The defendant appeals from the judgment, and we reverse.
Although no appeal lies from a judgment made upon the default of the appealing party (see CPLR 5511), the issue of the propriety of the sanction of striking the answer was “the subject of contest” before the Supreme Court (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062 [2011]). Thus, that issue may be considered on appeal.
As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). However, under the circumstances presented here, we exercise our discretion to determine the issue of the propriety of striking the defendant’s answer (see Faricelli v TSS Seedman’s, 94 NY2d 772, 774 [1999]).
Contrary to the Supreme Court’s conclusion, the drastic sanction of striking the defendant’s answer was not warranted under the circumstances of this case (see Kitt v Podlofsky, 72 AD3d 1030, 1031-1032 [2010]; Ranfort v Peak Tours, 250 AD2d 747 *1070 [1998]). Instead, a lesser sanction of $1,000 payable by the defendant to the plaintiff is warranted.
The defendant’s remaining contention has been rendered academic by our determination. Angiolillo, J.E, Dickerson, Belen and Chambers, JJ., concur.
Motion by the plaintiff, inter alia, to dismiss an appeal from a judgment of the Supreme Court, Nassau County, entered January 20, 2011, on the ground that the issues to be raised on the appeal from the judgment are barred by the doctrine of Bray v Cox (38 NY2d 350 [1976]). By decision and order on motion dated March 30, 2012, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the subject branch of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the branch of the motion which was to dismiss the appeal is denied (see Asman v Durst, 98 AD3d 1068 [2012] [decided herewith]). Angiolillo, J.E, Dickerson, Belen and Chambers, JJ., concur.