■ NORMA FIGUEROA, Respondent, v RICHARD DIAZ et al., Defendants, and JOHN C. GUINN, JR., et al., Appellants. [967 NYS2d 109]—

In an action to recover damages for personal injuries, the defendants John C. Guinn, Jr., and T.J.'s Car Service, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated October 6, 2011, as, upon renewal and reargument, in effect, adhered to the original determination in an order of the same court dated June 30, 2010, denying that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated October 6, 2011, is reversed insofar as appealed from, on the law, with costs, and, upon renewal and reargument, that branch of the cross motion of the defendants John C. Guinn, Jr., and T.J.'s Car Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and the order dated June 30, 2010, is modified accordingly.

This appeal arises out of an automobile accident that occurred at the intersection of Richmond Terrace and Park Avenue in Richmond County. The plaintiff was a passenger in a vehicle owned by the defendant T.J.'s Car Service, Inc. (hereinafter T.J.'s Car Service), and operated by the defendant John C. Guinn, Jr. (hereinafter the Guinn vehicle). The Guinn vehicle was proceeding on Richmond Terrace. At the subject intersection, the Guinn vehicle was struck on the driver's side by a vehicle owned by the defendant Martha E. Marmolejos and operated by the defendant Richard Diaz (hereinafter the Diaz vehicle). The Diaz vehicle was proceeding on Park Avenue. The route of travel of the Diaz vehicle was controlled by a stop sign, and Richmond Terrace, where the Guinn vehicle was traveling, did not have any traffic control device. Diaz allegedly was arrested at the scene of the accident for driving while intoxicated.

Upon renewal and reargument, Guinn and T.J.'s Car Service established their prima facie entitlement to judgment as a matter of law by submitting evidence that Diaz failed to stop at the

stop sign and failed to yield to the Guinn vehicle, which had the right-of-way, and that Guinn and T.J.'s Car Service were free from comparative fault (*see* Vehicle and Traffic Law § 1142 [a]; *Graeber-Nagel v Naranjan*, 101 AD3d 1078, 1078 [2012]).

In opposition, the plaintiff failed to raise a triable issue of fact as to any alleged comparative fault on the part of Guinn or T.J.'s Car Service. Guinn's deposition testimony that he did not see the Diaz vehicle until he was hit was insufficient to raise a triable issue of fact (*see Barbato v Maloney*, 94 AD3d 1028, 1029 [2012]; *Rahaman v Abodeledhman*, 64 AD3d 552, 553-554 [2009]). While a driver is required to see that which through proper use of his or her senses he or she should have seen, a driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield (*see Williams v Hayes*, 103 AD3d 713, 714 [2013]; *Vazquez v New York City Tr. Auth.*, 94 AD3d 870, 871 [2012]; *Rahaman v Abodeledhman*, 64 AD3d at 554). A driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision (*see Barbato v Maloney*, 94 AD3d at 1030; *Yelder v Walters*, 64 AD3d 762, 764 [2009]). Accordingly, upon renewal and reargument, the Supreme Court should have granted that branch of the cross motion of Guinn and T.J.'s Car Service which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.