In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Strauss, J.), entered April 9, 2013, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for injuries she allegedly sustained in a motor vehicle accident. The injured plaintiff was a passenger in a cab driven by the defendant Junel Ahmed, sued here as Ahmed Junel, and owned by the defendant *819 QLR Seven, Inc. Ahmed had been driving the cab in the right westbound lane of the Horace Harding Expressway in Queens when another vehicle, operated and owned by individuals who are not parties to this action, attempted to merge into that lane of travel from a parked position and came into contact with the defendants’ vehicle. The accident occurred about 50 feet from the nearest intersection.
The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the defendants’ motion. The plaintiffs appeal.
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]; Jones v Radeker, 32 AD3d 494, 496 [2006]). “The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws which require him or her to yield” (Williams v Hayes, 103 AD3d 713, 714 [2013]; see Figueroa v Diaz, 107 AD3d 754, 755 [2013]; Rahaman v Abodeledhman, 64 AD3d 552, 553 [2009]; see also Dimou v Iatauro, 72 AD3d 732, 733-734 [2010]). Vehicle and Traffic Law § 1143 provides that “[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed.” Vehicle and Traffic Law § 1162 requires that “[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.”
“ ‘There can be more than one proximate cause of an accident’ ” (Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008], quoting Cox v Nunez, 23 AD3d 427, 427 [2005]). This is because each driver has a duty to exercise reasonable care under the circumstances to avoid an accident (see Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055, 1056 [2013]; Cajas-Romero v Ward, 106 AD3d 850, 851 [2013]; Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]). As a result, even where there is evidence that another driver involved in the accident was negligent as a matter of law due to a violation of the Vehicle and Traffic Law, “the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law” (Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; see Regans v Baratta, 106 AD3d 893, 894 [2013]; Shui-Kwan Lui v Serrone, 103 AD3d at 620; Gardella v Esposito Foods, Inc., 80 AD3d 660, 660 [2011]). Thus, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (see Todd v Godek, 71 AD3d 872 [2010]).
*820 Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law. Ahmed’s deposition testimony that the driver of the other vehicle suddenly, without signaling, attempted to merge from the parking lane into the lane in which Ahmed had been traveling, and that Ahmed saw that other vehicle only “for a second” before the impact occurred, established that the other driver violated Vehicle and Traffic Law §§ 1143 and 1162 so that the other driver was negligent as a matter of law (see Vainer v DiSalvo, 79 AD3d at 1024; Jones v Radeker, 32 AD3d at 496). Ahmed’s deposition testimony also demonstrated that Ahmed was free from fault in the happening of the accident, and that the other driver’s negligence was the sole proximate cause of the accident (see Barbato v Maloney, 94 AD3d 1028, 1029 [2012]; Recinos v Priamo, 94 AD3d 848, 848 [2012]; Vainer v DiSalvo, 79 AD3d at 1024). “[A] driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision” (Vazquez v New York City Tr. Auth., 94 AD3d 870, 871 [2012]; see Figueroa v Diaz, 107 AD3d at 755; Vainer v DiSalvo, 79 AD3d at 1024; Yelder v Walters, 64 AD3d 762, 764 [2009]; Jaramillo v Torres, 60 AD3d 734, 735 [2009]).
In opposition, the plaintiffs failed to raise a triable issue of fact. The injured plaintiff’s deposition testimony that Ahmed was speeding, by itself, was insufficient to raise a triable issue of fact. The injured plaintiff testified at her deposition that she was unaware of the rate of speed Ahmed was actually traveling, that she was unaware of the speed limit for that section of the Horace Harding Expressway, and that she was not paying attention before the impact occurred because she was busy playing with her children in the back seat. Under those circumstances, any conclusion that the rate of speed Ahmed was traveling contributed to the accident would be mere speculation (see Colandrea v Choku, 94 AD3d 1034, 1036 [2012]; see e.g. Rahaman v Abodeledhman, 64 AD3d at 553-554; Strocchia v City of New York, 70 AD3d 926, 927 [2010]; Batts v Page, 51 AD3d 833, 834 [2008]).
Moreover, the police accident report submitted by the plaintiffs in opposition to the defendants’ motion was inadmissible, as it was not certified as a business record (see CPLR 4518 [a]; Hazzard v Burrowes, 95 AD3d 829 [2012]; Hernandez v Tepan, 92 AD3d 721, 722 [2012]; Cheul Soo Kang v Violante, 60 AD3d 991, 991 [2009]; Noakes v Rosa, 54 AD3d 317 [2008]). Contrary to the plaintiffs’ contention, the party admission exception to the hearsay rule did not apply because the state *821 ment from Ahmed which was recorded in the police accident report was not against his own interest, and the other statement recorded in the police accident report was not made by a party to this action (cf. Jackson v Trust, 103 AD3d 851, 852 [2013]; Scott v Kass, 48 AD3d 785, 786 [2008]; Kemenyash v McGoey, 306 AD2d 516, 516 [2003]; Guevara v Zaharakis, 303 AD2d 555 [2003]).
The plaintiffs’ remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.E, Dickerson, Austin and Sgroi, JJ., concur.