■ NOVA SOTO-BAY et al., Appellants, v RONALD PRUNTY, Defendant, and DEANNA DANIEL et al., Respondents. [982 NYS2d 123]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 30, 2012, which granted the motion of defendants Deanna Daniel and Arthur Daniel for summary judgment dismissing the complaint as against them, affirmed, without costs.

On March 26, 2009, a dark and drizzly evening, defendant Deanna Daniel was traveling on the Sunrise Highway service road when her vehicle struck the front of defendant Ronald Prunty's vehicle, which was in the process of exiting a parking lot. Prunty testified at his deposition that his "whole hood, probably, up to the end" was past the "lip of the driveway" and "[s]ix inches, maybe, if that much" of his vehicle were past the white line demarcating the shoulder parking lane, extending into the "service road itself." Plaintiff, a passenger in Prunty's vehicle, testified at her deposition that she did not recall Prunty bringing his vehicle to a stop before entering the road and that she did not see defendants' vehicle before impact.

The Daniel defendants established prima facie their entitlement to summary judgment by demonstrating that the vehicle operated by Ms. Daniel was lawfully proceeding, within the speed limit, in the right lane of the Sunrise Highway service road and that the vehicle operated by Prunty illegally entered the service road without yielding the right of way, in violation of Vehicle and Traffic Law § 1143 (see Vazquez v New York City Tr. Auth., 94 AD3d 870 [2d Dept 2012]). Ms. Daniel testified that

she had her headlights and windshield wipers on, that she was traveling at about 30 miles per hour in a 40-mile-per-hour zone because it was drizzling, and that while she sounded her horn and stepped on her brakes, she could not swerve to avoid the collision because she saw the lights of another car in the left-hand lane behind her (*see Sanchez v Lonero Tr., Inc.*, 100 AD3d 417 [1st Dept 2012]).

In opposition, plaintiff failed to raise an issue of fact as to any alleged comparative fault on the part of the Daniel defendants. Plaintiff's affidavit in opposition materially conflicted with her sworn deposition testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [1st Dept 2000]). Plaintiff did not refute Ms. Daniel's testimony that she could not swerve to the left because there was another vehicle in the left-hand lane, and the argument that Ms. Daniel could have avoided hitting Prunty's vehicle in the few seconds preceding the accident is purely speculative (*see Ishak v Guzman*, 12 AD3d 409 [2d Dept 2004]; *see also Figueroa v Diaz*, 107 AD3d 754 [2d Dept 2013]; *Vazquez*, 94 AD3d at 871; *Sanchez v Lonero Tr., Inc.*, 100 AD3d at 417; *Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1st Dept 1998]). Nor did plaintiff produce competent evidence raising an issue of fact whether Ms. Daniel was driving at an unsafe speed, given the weather conditions. Prunty could only speculate as to how fast Ms. Daniel was "probably" going and testified that "seven, eight, nine seconds or so" transpired between the time he first saw her and the time she grazed his vehicle. Concur—Acosta, Andrias and Freedman, JJ.

Tom, J.P., and Feinman, J., dissent in a memorandum by Feinman, J., as follows: I respectfully dissent because there is an issue of fact whether defendant Deanna Daniel's comparative negligence contributed to the accident.

To obtain summary judgment on the issue of liability in a negligence action, the movant must eliminate any material issue, not only as to the nonmoving party's negligence, but also as to whether its own negligence contributed to the accident (*see Thoma v Ronai*, 82 NY2d 736 [1993]; *Calcano v Rodriguez*, 91 AD3d 468, 469 [1st Dept 2012]). While I agree with the majority that codefendant Ronald Prunty violated Vehicle and Traffic Law § 1143 by entering six inches, at most, into the roadway without yielding the right-of-way to Daniel, even a driver who has the right-of-way maintains a duty to use reasonable care to avoid a collision (*see Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295, 298 [1st Dept 2008]). This duty includes the responsibilities, among others, to be vigilant and see what is there to be seen, and to drive at a reasonable and prudent reduced speed in light

of existing hazards, including weather conditions (see Vehicle and Traffic Law § 1180 [a], [e]; *Thoma*, 82 NY2d at 737; *Basabe v Carrozza*, 106 AD3d 641, 642 [1st Dept 2013]; *Calcano*, 91 AD3d at 472 [Catterson, J., concurring]; *Nevarez*, 58 AD3d at 298).

Here, the motor vehicle accident occurred on a drizzly evening as Daniel was driving on a dark service road past the exit from a busy bowling alley parking lot. The majority points to Daniel's testimony that she had her headlights and wipers on and that she sounded her horn and stepped on her brakes. It then concludes the accident was unavoidable. However, when asked at her deposition if she heard Daniel use her horn, plaintiff Nova Soto-Bay testified, "No, definitely not." Although Prunty testified that he did not "know for a fact" what the speed limit was, he estimated that Daniel's car was "going fairly fast, probably thirty or forty miles per hour" before it skidded three or four car lengths into his front left bumper. According to Prunty, at the time of impact his vehicle was stopped in the parking lot exit and protruding "six inches, maybe, if that much" into the roadway. Prunty's testimony, which the majority points to, that almost 10 seconds elapsed between the moment he saw Daniel's vehicle and the impact leads to an inference that Daniel should have had time to see his car as well, but Daniel testified that she did not see it before the accident. Daniel's use of wipers would support a jury finding that a reduced speed due to the weather was warranted. These circumstances raise issues of fact whether Daniel failed to use reasonable care to avoid a collision by failing to honk, by failing to reduce her speed in light of the weather hazards, and by failing to be vigilant to the extent she failed to see what there was to be seen, i.e., Prunty's car. Furthermore, the majority relies on Daniel's testimony that she could not swerve to the left because she saw the lights of another vehicle behind her in the next lane, but ignores plaintiff's rebuttal argument that Daniel did not explain why she could not have steered her vehicle to avoid hitting the few inches of Prunty's vehicle in her lane without leaving the other side of her lane.

Of course, even if a factfinder were to conclude that there was a failure by Daniel to use reasonable care, it would still have to decide whether any such negligence on her part contributed to the accident. The majority, like the motion court, has gone beyond issue identification and engaged in fact-finding more appropriately left for trial. For these reasons, the motion court's grant of summary judgment to the Daniel defendants should be reversed and the motion denied.