■ KAYLA M. KENDA et al., Appellants, v DANIELLE COSTELLA DUNN et al., Respondents, et al., Defendant. [985 NYS2d 702]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered May 29, 2012, as granted the motion of the defendants Danielle Costella Dunn and Michael Dunn for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 12, 2006, the plaintiff Kayla M. Kenda (hereinafter the injured plaintiff) allegedly was injured in a motor vehicle accident on Montauk Highway in Bay Shore. Montauk Highway at the subject location is a two-lane roadway with one lane for westbound traffic and one lane for eastbound traffic. At the time of the accident, the injured plaintiff's vehicle was exiting the driveway of Southward Ho Country Club on the north side of Montauk Highway, when it came into contact with a vehicle driven by the defendant Danielle Costella Dunn that had been proceeding westbound on Montauk Highway. In the order appealed from, the Supreme Court, inter alia, granted the motion of the defendants Danielle Costella Dunn and Michael Dunn (hereinafter together the Dunn defendants), for summary judgment dismissing the complaint insofar as asserted against them.

There can be more than one proximate cause of an accident and, thus, on their motion for summary judgment, the Dunn defendants had the burden of establishing freedom from comparative negligence (*see Burnett v Reisenauer*, 107 AD3d 656 [2013]; *Simmons v Canady*, 95 AD3d 1201 [2012]; *Cohn v Khan*, 89 AD3d 1052 [2011]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). While a driver is required to "see that which through proper use of [his or her] senses [he or she] should have seen" (*Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005] [internal quotation marks omitted]; *see Vainer v DiSalvo*, 79 AD3d 1023 [2010]; *Thompson v Schmitt*, 74 AD3d 789 [2010]; *Mohammad v Ning*, 72 AD3d 913, 915 [2010]), a driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way (*see Vazquez v*

*New York City Tr. Auth.*, 94 AD3d 870 [2012]; *Boodlall v Herrera*, 90 AD3d 590 [2011]; *Bonilla v Calabria*, 80 AD3d 720 [2011]; *Moreno v Gomez*, 58 AD3d 611 [2009]; *Jacino v Sugerman*, 10 AD3d 593, 595 [2004]). In addition, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009]; *see Vainer v DiSalvo*, 79 AD3d at 1024; *Jaramillo v Torres*, 60 AD3d 734 [2009]).

Here, the Dunn defendants established their prima facie entitlement to judgment as a matter of law by establishing that the injured plaintiff failed to yield the right-of-way to the Dunn vehicle, which was legally proceeding westbound on Montauk Highway with the right-of-way, and that Danielle Costella Dunn was free from comparative negligence since she had only had seconds to react (*see Vainer v DiSalvo*, 79 AD3d at 1023-1024; *Strocchia v City of New York*, 70 AD3d 926, 927 [2010]; *Sanabria v Paduch*, 61 AD3d 839, 839-840 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Danielle Costella Dunn was comparatively negligent in the happening of the subject accident.

Therefore, the Supreme Court properly granted the motion of the Dunn defendants for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.