■ MICHELE DESIO, Respondent, v CEREBRAL PALSY TRANSPORT, INC., et al., Appellants. [994 NYS2d 681]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 2, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries when the vehicle that she was operating collided with a vehicle owned by the defendant Cerebral Palsy Transport, Inc., and operated by the defendant Stephen W. Smith. The collision occurred on Richmond Avenue, near its intersection with Morani Street, in Staten Island. Richmond Avenue is a four-lane thoroughfare with two lanes moving in each direction. The accident occurred when the plaintiff attempted to make a left turn onto Richmond Avenue in front of a stopped bus while she exited a shopping plaza parking lot.

Vehicle and Traffic Law § 1143 provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." "The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws which require him or her to yield" (*Williams v Hayes*, 103 AD3d 713, 714 [2013]; *see Adobea v Junel*, 114 AD3d 818 [2014]; *Figueroa v Diaz*, 107 AD3d 754, 755 [2013]; *Rahaman v Abodeledhman*, 64 AD3d 552, 553 [2009]; *see also Dimou v Iatauro*, 72 AD3d 732, 733-734 [2010]). A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (*see Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Jones v Radeker*, 32 AD3d 494, 496 [2006]).

There can be more than one proximate cause of an accident (*see Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]), because each driver has a duty to exercise reasonable care under the circumstances to avoid an accident (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850, 851 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]). As a result, even where there is evidence that another driver involved in the accident was negligent as a matter of law due to a violation of the Vehicle and Traffic Law, "the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Adobea v Junel*, 114 AD3d at 818; *Regans v Baratta*, 106 AD3d 893, 894 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d at 620; *Gardella v Esposito Foods, Inc.*, 80 AD3d 660, 660 [2011]). Thus, a driver traveling with the right-of-way may nevertheless be

found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident (*see Todd v Godek*, 71 AD3d 872 [2010]). However, "[a] driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (*Vazquez v New York City Tr. Auth.*, 94 AD3d 870, 871 [2012]; *see Bennett v Granata*, 118 AD3d 652 [2014]; *Smalls v Adams*, 118 AD3d 693 [2014]; *Kenda v Dunn*, 117 AD3d 803 [2014]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the transcript of Smith's deposition. Smith testified at his deposition that he first observed the plaintiff's vehicle moving into traffic from in front of the stopped bus when his vehicle was halfway past the bus, which was less than a second prior to impact. Smith's testimony established that the plaintiff violated Vehicle and Traffic Law § 1143, making the plaintiff negligent as a matter of law (*see Adobea v Junel*, 114 AD3d at 820; *Mazza v Manzella*, 49 AD3d 609, 610 [2008]), and demonstrated that Smith was not comparatively negligent for failing to avoid the accident (*see Adobea v Junel*, 114 AD3d at 820; *Barbato v Maloney*, 94 AD3d 1028, 1029 [2012]; *Vazquez v New York City Tr. Auth.*, 94 AD3d at 871).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's testimony that seconds had passed from the time she first observed the defendants' vehicle to the impact was insufficient to raise a triable issue of fact (*see Strocchia v City of New York*, 70 AD3d 926, 927 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.