■ FRANK RICCUITI, JR., Respondent, v THEODORA A. PORCU, Defendant. ROBERT P. MACCHIA, Nonparty Appellant. (Appeal No. 1.) FRANK RICCUITI, JR., Appellant-Respondent, v THEODORA A. PORCU, Respondent. ROBERT P. MACCHIA, Nonparty Appellant.(Appeal No. 2.) [1 NYS3d 295]—

In an action to recover damages for personal injuries, (1) nonparty Robert P. Macchia appeals, by permission, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered December 6, 2013, as, sua sponte, imposed a sanction against him in the amount of $1,000, and (2) the plaintiff appeals from so much of an order of the same court entered March 14, 2014, as denied his motion for summary judgment on the issue of liability, and nonparty Robert P. Macchia cross-appeals from so much of the same order entered March 14, 2014, as denied his separate motion to vacate or modify that portion of the order entered December 6, 2013, which, sua sponte, imposed a sanction against him.

Ordered that on the Court's own motion, the notice of cross appeal from the order entered March 14, 2014, is deemed to be a notice of cross appeal by nonparty Robert P. Macchia (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order entered December 6, 2013, is modi-

fied, on the facts and in the exercise of discretion, by reducing the sanction imposed against Robert P. Macchia from the sum of $1,000 to the sum of $500; as so modified, the order entered December 6, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 14, 2014, is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the issue of liability is granted; and it is further,

Ordered that the cross appeal from the order entered March 14, 2014, is dismissed as academic in light of our determination of the appeal from the order entered December 6, 2013; and it is further;

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant.

The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the parties' deposition testimony, which demonstrated that the defendant's violation of Vehicle and Traffic Law § 1143 was the sole proximate cause of the subject accident, and that the plaintiff was not comparatively at fault (*see Adobea v Junel*, 114 AD3d 818, 820 [2014]; *Recinos v Priamo*, 94 AD3d 848 [2012]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). In opposition, the defendant failed to raise a triable issue of fact (*see Strocchia v City of New York*, 70 AD3d 926, 927 [2010]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.

The Supreme Court providently exercised its discretion in, sua sponte, imposing a sanction against the defendant's counsel, Robert P. Macchia (*see generally Asman v Durst*, 98 AD3d 1068, 1070 [2012]; *Betty v City of New York*, 12 AD3d 472, 474 [2004]). However, in the exercise of discretion, we reduce the sanction from the sum of $1,000 to the sum of $500. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.