Green v Masterson (2019 NY Slip Op 03574)





Green v Masterson


2019 NY Slip Op 03574


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-12469
 (Index No. 8246/15)

[*1]Ashley Dana Green, appellant,
v
Nina M. Masterson, et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (Steven A. Levy of counsel), for appellant.
Mendolia & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated October 10, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff's vehicle was parked on a street in Queens. She attempted to move the vehicle into the lane in which a vehicle owned by the defendant Edward P. Masterson and operated by the defendant Nina M. Masterson was traveling. The plaintiff's driver's side front door struck the right rear of the defendants' vehicle. The plaintiff commenced this action to recover damages for injuries she allegedly sustained in the accident, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Matias v Bello, 165 AD3d 642; Aponte v Vani, 155 AD3d 929; Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754).
Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, the deposition transcripts of the plaintiff and the defendant driver. In her deposition, the defendant driver testified that the plaintiff suddenly attempted to merge from the parking lane into the lane of travel, and that the defendant driver saw the plaintiff's vehicle only a "split second" before the impact occurred. This evidence, which was not rebutted by the plaintiff's deposition testimony, established that the plaintiff violated Vehicle and Traffic Law §§ 1143 and 1162, and was negligent as a matter of law (see Adobea v Junel, 114 AD3d 818, 820). This evidence further demonstrated that the defendant driver was not at fault in the happening of the accident (see id.; Vazquez v New York City Tr. Auth., 94 AD3d 870, 871). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's granting of the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court