Kwang Jin Kim v Ramos (2020 NY Slip Op 02069)





Kwang Jin Kim v Ramos


2020 NY Slip Op 02069


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-07455
 (Index No. 70374/15)

[*1]Kwang Jin Kim, appellant, 
v
Jose Rafael Fernandez Ramos, respondent, et al., defendant (and a third-party action).


Andrew Park, PC, New York, NY (Steven J. Park of counsel), for appellant.
Carman Callahan & Ingham, LLP, Farmingdale, NY (Stephanie L. Boden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated May 21, 2018. The order granted the motion of the defendant Jose Rafael Fernandez Ramos for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when the car in which he was a passenger, and which was operated by his wife, collided with a vehicle operated by the defendant Jose Rafael Fernandez Ramos and owned by the defendant EAN Holdings, LLC. At his deposition, the plaintiff testified that, at the time of the accident, he had been "relaxing in the back seat" and did not see the impact. Ramos testified at his deposition that, just prior to the collision, he had brought his vehicle to a complete stop at a red light in a turning lane on Yonkers Avenue, intending to make a left turn onto Bronx River Road. He further testified that the vehicle operated by the plaintiff's wife entered the turning lane from the opposite direction and hit his vehicle head-on.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. Ramos moved for summary judgment dismissing the complaint insofar as asserted against him, inter alia, on the ground that he was not at fault in the happening of the accident. The Supreme Court granted Ramos's motion, and the plaintiff appeals.
"A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic" (Eichenwald v Chaudhry, 17 AD3d 403, 404; see Ciraldo v County of Westchester, 147 AD3d 813, 814). Here, Ramos established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff's wife was negligent in crossing over into the turning lane, where Ramos's vehicle was lawfully stopped, and causing a head-on collision (see Galano v ILC Holdings, Inc., 164 AD3d 1315, 1316-1317). In opposition, the plaintiff failed to raise a triable issue of fact (see Adobea v Junel, 114 AD3d 818, 820).
Accordingly, we agree with the Supreme Court's determination granting Ramos's motion for summary judgment dismissing the complaint insofar as asserted against him.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court