Lopez v Ceravino (2021 NY Slip Op 50873(U))

[*1]

Lopez v Ceravino

2021 NY Slip Op 50873(U) [73 Misc 3d 126(A)]

Decided on May 27, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 27, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-1084 S C

Diana Lopez, Respondent,
against
Christopher L. Ceravino, Michael Dorney and Daria Dorney,
Appellants. 

Rivkin Radler, LLP (Merril S. Biscone of counsel), for appellants.
Pillari & Vella, LLP, for respondent (no brief filed).

Appeal from an order of the County Court, Suffolk County (James P. Flanagan, J.), dated
August 31, 2017. The order granted the motion by plaintiff Diana Lopez, pursuant to CPLR 4404
(a), seeking to set aside a jury verdict in favor of defendants and ordered a new trial.

ORDERED that the order is affirmed, without costs.
This action arose out of a motor vehicle collision which occurred in the westbound right lane
of Montauk Highway in Copaigue, New York. There was credible evidence adduced at the
liability portion of the jury trial that revealed that just prior to the accident, Diana Lopez was
exiting a parking lot with her vehicle half on the apron and half in the right lane in order to cross
over Montauk Highway and make a left turn. The evidence further showed that Christopher
Ceravino, the driver of defendants' vehicle, had been traveling westbound on Montauk Highway
in the left lane at 30 miles per hour when, from 150-200 feet away, he first noticed Lopez's
vehicle between the apron of the parking lot and the right lane of Montauk Highway. Ceravino
did not stop his vehicle, but, instead, moved into the right lane and ultimately struck the Lopez
vehicle. The jury found that Lopez was negligent and that her negligence was a proximate cause
of the accident and that Ceravino was not negligent. The County Court granted Lopez's motion
pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence.
A jury verdict should not be set aside as against the weight of the evidence unless the [*2]verdict could not have been reached upon any fair interpretation of
the evidence (see Nicastro v Park, 113 AD2d 129 [1985]). Here, the County Court
properly set aside the verdict.
Vehicle and Traffic Law § 1143 provides that "[t]he driver of a vehicle about to enter or
cross a roadway from any place other than another roadway shall yield the right of way to all
vehicles approaching on the roadway to be entered or crossed" (see also Adobea v Junel,
114 AD3d 818 [2014]; Williams v Hayes, 103 AD3d 713 [2013]; Figueroa v
Diaz, 107 AD3d 754 [2013]; Rahaman v Abodeledhman, 64 AD3d 552 [2009]). A
violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer
v DiSalvo, 79 AD3d 1023 [2009]; Jones v Radeker, 32 AD3d 494 [2006]). Here,
there was sufficient evidence to support the jury's finding that Lopez entered Montauk Highway
into the right lane and failed to yield the right of way to all vehicles approaching. Thus, the jury's
verdict finding Lopez negligent was supported by the evidence.
Nevertheless, there can be more than one proximate cause of an accident (see Lopez v
Reyes—Flores, 52 AD3d 785 [2008]), because each driver has a duty to exercise
reasonable care under the circumstances to avoid an accident (see Lu Yuan Yang v Howsal
Cab Corp., 106 AD3d 1055 [2013]; Cajas—Romero v Ward, 106 AD3d 850
[2013]; Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]; Todd v Godek, 71
AD3d 872 [2010]). The evidence revealed that Ceravino was driving in the left lane at 30 miles
per hour on Montauk Highway when he saw Lopez's vehicle in the right lane of Montauk
Highway from 150-200 feet away. Furthermore, it was uncontrovered that Lopez never entered
the left lane that Ceravino had been traveling in but that Ceravino moved into the right lane
where he had seen the Lopez vehicle. Given the evidence presented at the trial, the jury verdict
finding that Ceravino was not negligent did not rest upon a fair interpretation of the credible
evidence, and therefore a new trial is warranted (see Sullivan v Pampillonio, 288 AD2d
299 [2001]).
Contrary to Ceravino's argument, the record does not support his contention that he was in a
situation where he was faced with an emergency and had only seconds to react to the Lopez
vehicle (see Bennett v Granata, 118 AD3d 652 [2014]; Kenda v Dunn, 117 AD3d
803 [2014]).
Accordingly, the order is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 27, 2021