Alston v Irizarry (2021 NY Slip Op 03433)





Alston v Irizarry


2021 NY Slip Op 03433


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-05020
 (Index No. 55953/17)

[*1]Keishana Alston, respondent, 
v
John Irizarry, et al., appellants.


Keane & Bernheimer, PLLC, Valhalla, NY (Connor W. Fallon and Michalina Shuter of counsel), for appellants.
Sobo & Sobo, LLP, Middletown, NY (John A. Del Duco III of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated March 29, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On April 8, 2016, a vehicle that the plaintiff was driving was involved in an automobile accident with a bus owned by the defendant County of Westchester and operated by the defendant John Irizarry. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. In an order dated March 29, 2019, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal, and we reverse.
In support of their motion for summary judgment, the defendants submitted dashboard camera video footage which established that the plaintiff violated Vehicle and Traffic Law § 1143 by failing to yield the right of way to the bus as she made a left-hand turn from a McDonald's restaurant parking lot onto the roadway on which the bus was traveling, and that her negligence was the sole proximate cause of the accident (see Vazquez v New York City Tr. Auth., 94 AD3d 870, 871).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the bus driver bore some fault for the happening of the accident (see Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1132).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court