■ VINCENZO NUZIALE, Appellant, v PAPER TRANSPORT OF GREEN BAY INCORPORATED et al., Respondents, et al., Defendant. [835 NYS2d 316]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Elliot, J.), entered February 24, 2006, which granted the motion of the defendants Paper Transport of Green Bay Incorporated and Christine B. Koch-Strobel for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by his brief, from so much of a judgment of the same court entered April 13, 2006, as, upon the order, is in favor of the defendants Paper Transport of Green Bay Incorporated and Christine B. Koch-Strobel and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the motion of the defendants Paper Transport of Green Bay Incorporated and Christine B. Koch-Strobel for summary judgment dismissing the complaint insofar as asserted against them is denied, and the order entered February 24, 2006, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Paper Transport of Green Bay Incorporated and Christine B. Koch-Strobel.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (see CPLR 5501 [a]).

On January 15, 2003, the defendant Christine B. Koch-Strobel, an employee of the defendant Paper Transport of Green Bay Incorporated (hereinafter collectively the defendants), was driving a 53-foot long tractor-trailer on the Grand Central Parkway when she saw a sign directing all trucks to exit. She exited the parkway and proceeded on Astoria Boulevard toward its intersection with 31st Street at the bottom of an exit ramp.

According to Koch-Strobel's affidavit and deposition testimony, the traffic signal hanging overhead at the bottom of the exit ramp was green, and remained green until the accident occurred. She "coasted" into the intersection between Astoria Boulevard and 31st Street without touching the accelerator or the brake. When she entered the intersection, the front and left front of her truck hit the right front and right passenger side of the plaintiff's vehicle. Koch-Strobel did not see the plaintiff's vehicle prior to the impact, which was "hard," and caused the plaintiff's vehicle to spin around the truck. Koch-Strobel testi-

fied that the passenger side of the plaintiff's vehicle was bent and there was glass everywhere.

Contrary to the defendants' contention, a factual issue remains as to the extent, if any, of Koch-Strobel's fault. She testified that she did not look to her left or right as she proceeded into the intersection, could not recall whether her view of traffic to the left was obstructed, and could not estimate her speed. Although Koch-Strobel was permitted to proceed in the face of the green light, she was not authorized to blindly and wantonly enter the intersection (*see Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 954 [1992]; *Boston v Dunham*, 274 AD2d 708, 710 [2000]). On this record, we cannot conclude as a matter of law that no conditions existed requiring Koch-Strobel to either reduce her speed or keep a more careful lookout upon entering the intersection.

The plaintiff's remaining contention need not be addressed in light of our determination. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.