■ JOHN S. BARBATO, Respondent, v DIANE E. MALONEY et al., Respondents, and BRYAN R. PIOTROWSKI, Appellant. [943 NYS2d 204]—

In an action to recover damages for personal injuries, the defendant Bryan R. Piotrowski appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 10, 2011, which denied his motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him and the cross claim.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Bryan R. Piotrowski, in effect, for summary judgment dismissing the complaint insofar as asserted against him and the cross claim is granted.

On May 11, 2008, at the intersection of Front Street and Park Boulevard in Massapequa, the plaintiff, who was operating a motorcycle westbound on Front Street, collided with a vehicle operated by the defendant Bryan R. Piotrowski on northbound Park Boulevard. The plaintiff alleges that the motorcycle he was operating was owned by the defendant Diane E. Maloney and negligently entrusted to him by that defendant and her son, the defendant Matthew Maloney (hereinafter together the Maloneys). It is undisputed that Front Street is governed by a stop sign in the plaintiff's direction of travel but Park Boulevard is not governed by a traffic control device in Piotrowski's direction of travel. Piotrowski subsequently moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him and the cross claim. The Supreme Court denied the motion. Piotrowski appeals, and we reverse.

Piotrowski established his prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff, who was traveling at a fast rate of speed, failed to stop at the stop sign and failed to yield to Piotrowski's vehicle, which had the right of way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Gallagher v McCurty*, 85 AD3d 1109 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Yelder v Walters*, 64 AD3d 762, 763-764 [2009]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

In opposition, the plaintiff and the Maloneys failed to raise a triable issue of fact as to any alleged comparative negligence of Piotrowski. "Under the circumstances of this case [Piotrowski's] deposition testimony that he did not look down [Front] street . . . before entering the intersection, and that he did not see the [motorcycle] at any time prior to the accident were insufficient to raise a triable issue of fact" (*Rahaman v Abodeledhman*, 64 AD3d 552, 553-554 [2009]; *see Espinoza v Loor*, 299 AD2d 167, 168 [2002]; *Jenkins v Alexander*, 9 AD3d 286, 287 [2004]; *Gravina v Wakschal*, 255 AD2d 291, 291-292 [1998]; *see also Dimou v Iatauro*, 72 AD3d 732, 733 [2010]; *cf. Nuziale v Paper Transp. of Green Bay Inc.*, 39 AD3d 833, 835 [2007]). While a driver is required to "see that which through proper use of [his or her] senses [he or she] should have seen, a driver who has the right-of-way is entitled to anticipate that the other

motorist will obey the traffic law requiring him or her to yield" (*Vainer v DiSalvo*, 79 AD3d at 1024 [citations and internal quotation marks omitted]). Moreover, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d at 764).

Accordingly, the Supreme Court should have granted Piotrowski's motion. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.