In an action to recover damages for personal injuries, the defendant Clifford Thomas appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 28, 2012, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Clifford Thomas for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff allegedly was injured when the vehicle in which she was a passenger, operated by the defendant Ayesia Adams and owned by the defendant Deborah Adams (hereinafter together the Adams defendants), collided with a vehicle owned and operated by the defendant Clifford Thomas. Thomas was driving his vehicle in the left eastbound lane on Hempstead Turnpike, Nassau County, a four-lane thoroughfare with two *694 eastbound lanes and two westbound lanes. Just prior to the collision, Ayesia Adams had stopped her vehicle at the exit of a Wendy’s restaurant parking lot, which abutted the right eastbound lane of Hempstead Turnpike, and then proceeded into that lane, perpendicular to oncoming eastbound traffic. As a truck traveling eastbound in that lane approached her vehicle, Ayesia Adams stopped, as did the truck. When the truck stopped, Ayesia Adams continued to proceed straight across that lane, still perpendicular to traffic, entering the left eastbound lane, where her vehicle and Thomas’s vehicle collided. Thomas moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied Thomas’s motion, concluding that triable issues of fact existed.
Thomas established his prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that Ayesia Adams negligently drove her vehicle onto Hempstead Turnpike perpendicular to two lanes of oncoming traffic, in violation of Vehicle and Traffic Law § 1162, that he was free from comparative fault, and that her conduct was the sole proximate cause of the accident (see Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]). In support of his motion for summary judgment, Thomas submitted his deposition testimony, as well as the deposition testimony of the plaintiff and the defendant Ayesia Adams. According to the deposition testimony of both Ayesia Adams and the plaintiff, prior to the collision, the vehicle driven by Ayesia Adams was stopped at a parking lot exit abutting Hempstead Turnpike, where there is neither a street intersection nor any traffic control device. Both Ayesia Adams and the plaintiff testified that Ayesia Adams drove the vehicle into the right eastbound lane of Hempstead Turnpike perpendicular to oncoming traffic and stopped suddenly in the right lane when they realized that a truck was proceeding toward them in that lane. When the truck stopped before it reached their vehicle, Ayesia Adams then proceeded to drive into the left eastbound lane, even though her view of that lane was obstructed by the truck. By so doing, Ayesia Adams failed to yield the right of way to Thomas, who was traveling eastbound in the left lane and whom she couldn’t see because the truck blocked her view.
Thomas established, prima facie, that Ayesia Adams’s conduct violated Vehicle and Traffic Law § 1162, which provides that “[n]o person shall move a vehicle which is stopped . . . unless and until such movement can be made with reasonable safety.” A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d at 1024).
*695 Thomas also established, prima facie, that Ayesia Adams’ negligence was the sole proximate cause of the accident. At his deposition, Thomas gave uncontroverted testimony that, immediately prior to the collision, he was traveling eastbound in the left lane of Hempstead Turnpike at a speed that did not exceed 20 miles per hour. As a driver with the right-of-way, Thomas was entitled to anticipate that Ayesia Adams would obey the traffic law requiring her to yield (see Jacino v Sugerman, 10 AD3d 593, 595 [2004]). According to Thomas’s deposition testimony, he did not see the vehicle driven by Ayesia Adams until “less than a second” before it collided with the right rear panel of his four door Suburban. Thomas’s testimony that he had “less than a second” to react before the collision and that he could not veer to the left due to oncoming traffic demonstrated, prima facie, that he was not comparatively at fault for failing to evade the collision. A driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision (see Yelder v Walters, 64 AD3d 762, 764 [2009]).
In opposition, the plaintiff and the Adams defendants failed to raise a triable issue of fact (see Torro v Schiller, 8 AD3d 364, 365 [2004]; Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]). They relied on immaterial inconsistencies in the parties’ testimony, speculation, and conjecture, as well as Ayesia Adams’s self-serving testimony, which contradicted her other testimony, to create feigned issues of fact. This evidence is insufficient to defeat Thomas’s motion for summary judgment (see Soussi v Gobin, 87 AD3d 580, 581-582 [2011]; Rotuba Extruders v Ceppos, 46 NY2d at 231).
Accordingly, the Supreme Court should have granted Thomas’s motion for summary judgment dismissing the complaint insofar as asserted against him.
Rivera, J.E, Lott, Miller and Duffy, JJ., concur.