■ Teresina Bajada, Respondent, v Gerald Spector, Appellant. [988 NYS2d 891]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (J. Murphy, J.), dated July 29, 2013, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff's 16-years-old son was riding his bicycle when it collided with a vehicle operated by the defendant at an intersection. At the time, the infant was traveling on a road which was governed by a stop sign at the subject intersection, while the defendant was traveling on an intersecting road which was not controlled by any traffic device. The infant allegedly sustained personal injuries as a result of the collision, and the plaintiff, as the parent and natural guardian of the infant, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the infant's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court denied the motion.

The defendant established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrat-

ing that the infant's negligent operation of his bicycle in failing to yield the right-of-way was the sole proximate cause of the accident (see Vehicle and Traffic Law §§ 1231, 1142 [a]; 1172 [a]; *Zuleta v Quijada*, 94 AD3d 876 [2012]; *Dimou v Iatauro*, 72 AD3d 732 [2010]; *Thoresz v Vallone*, 70 AD3d 1031 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. The defendant was entitled to anticipate that the infant would obey the traffic law and yield the right-of-way (see *Harris v Linares*, 106 AD3d 873 [2013]; *Barbato v Maloney*, 94 AD3d 1028 [2012]; *Dimou v Iatauro*, 72 AD3d 732 [2010]; *Rahaman v Abodeledhman*, 64 AD3d 552 [2009]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.