YUN LU, as Administrator of the Estate of DAO CHENG LU, Deceased, et al., Respondents, v JASON SAIA, Appellant. [999 NYS2d 101]—

In an action to recover damages for conscious pain and suffering and wrongful death, the defendant appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.) entered August 30, 2013, which granted the plaintiffs' motion to vacate a prior order of the same court entered February 26, 2013, granting the defendant's motion for summary judgment dismissing the complaint upon the plaintiffs' default in opposing the motion, and thereupon denied his motion for summary judgment dismissing the complaint.

Ordered that the order entered August 30, 2013, is modified, on the law, by deleting the provision thereof denying the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision granting the defendant's motion for summary judgment dismissing the complaint; as so modified, the order entered August 30, 2013, is affirmed, with costs to the defendant.

On May 12, 2009, the plaintiffs' decedent, while riding a bicycle, collided with the side of the defendant's pick-up truck at the intersection of Burling Street and 45th Avenue in Queens. Deposition testimony elicited during discovery established that the decedent proceeded past a stop sign at a "steady speed" without stopping.

The defendant testified at his deposition that he approached the intersection at about 25 miles per hour. The first time he saw the bicycle was when the bicycle was four feet from the truck, and one second prior to impact. The defendant claimed that he "veered left" in order to avoid contact, and "slammed" the brake. A nonparty witness testified at her deposition that she heard screeching brakes. After the impact, the defendant's vehicle slowed down and came to a stop.

Based, upon, inter alia, the deposition testimony, the defendant moved for summary judgment dismissing the complaint, and the motion was granted in an order entered February 26, 2013, upon the plaintiffs' default in opposing the motion. The

plaintiffs moved to vacate their default and be permitted to oppose the motion on the merits. The Supreme Court, in the order appealed from, granted the plaintiffs' motion to vacate their default, vacated the order entered February 26, 2013, and denied the defendant's motion for summary judgment on the merits, on the ground that there was a triable issue of fact as to whether the defendant was negligent in failing to avoid the accident.

The Supreme Court providently exercised its discretion in vacating the plaintiffs' default based upon a detailed claim of law office failure and a potentially meritorious cause of action, warranting an adjudication of the motion for summary judgment on the merits (*see Needleman v Tornheim*, 106 AD3d 707, 708 [2013]; *Farrah v Pinos*, 78 AD3d 1115 [2010]).

However, on the merits, the defendant made a prima facie showing of entitlement to judgment as a matter of law. The defendant was entitled to anticipate that the plaintiffs' decedent would stop at the stop sign and yield the right-of-way to him (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Galvis v Ravilla*, 111 AD3d 600 [2013]). Moreover, the evidence submitted by the defendant eliminated any triable issue of fact as to the defendant's alleged negligence in failing to avoid the impact (*see Calderon-Scotti v Rosenstein*, 119 AD3d 722 [2014]). The defendant established, prima facie, that he had only a second to react (*see Smalls v Adams*, 118 AD3d 693 [2014]; *Bajada v Spector*, 119 AD3d 622 [2014]). The evidence further established that, in an attempt to avoid impact, the defendant braked and slowed his vehicle to a stop immediately after impact. In opposition, the plaintiffs failed to raise a triable issue of fact. Under the circumstances presented, the defendant's alleged failure to reduce speed or alter his direction prior to impact did not raise a triable issue of fact as to whether he was negligent (*see Smalls v Adams*, 118 AD3d 693 [2014]; *Bajada v Spector*, 119 AD3d 622 [2014]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted on the merits. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.