■ CITY OF NEW YORK, Appellant, v GRANITE STATE INSURANCE COMPANY, Respondent. [25 NYS3d 171]—

Order and judgment (one paper), Supreme Court, New York County (Kathryn E. Freed, J.), entered March 4, 2014, which denied plaintiff's motion for summary judgment seeking a declaration that defendant insurer is required to defend and indemnify it in an underlying action, granted defendant insurer's cross motion seeking a declaration that it is not required to defend and indemnify plaintiff City in the underlying action, so declared, and awarded defendant $245 in costs and disbursements, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendant's cross motion denied, and it is declared that defendant is obligated to defend plaintiff in the underlying action. The Clerk is directed to enter judgment accordingly.

Plaintiff City of New York, its Administration for Children's Services, and a foster care agency with which it contracted

were named as defendants in a lawsuit alleging that the decedent suffered abuse, and ultimately death, as a result of their negligence. The City seeks insurance coverage as an additional insured under a commercial general liability (CGL) policy issued by defendant. The CGL part of the policy was occurrence-based but contained an exclusion for liability arising from occurrences of abuse or molestation. However, it also contained an abuse or molestation endorsement that added such coverage back in but only if reported during the policy period or 60 days after its expiration.

Although the incidents alleged in the underlying action occurred during the policy period, the City did not receive notice of the claim against it until June 2011, more than 60 days after expiration of the policy. The City promptly notified defendant of the claim but defendant did not disclaim coverage as to the City for more than six months.

When a claim falls outside the scope of an insurance policy's coverage portion, a disclaimer of coverage is unnecessary because the policy did not contemplate coverage in the first instance and requiring coverage for a failure to disclaim in such instances "would create coverage where it never existed" (*Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). By contrast, when a refusal to provide coverage is based on a policy exclusion, a timely disclaimer of coverage is necessary to invoke the policy exclusion (*id.* at 188-189). Here, abuse and molestation claims occurring during the policy period but not reported until afterwards were eliminated from coverage by the exclusion but not added back in by the endorsement, and thus required a disclaimer (*id.*), which defendant failed to timely provide.

Moreover, the Limitation of Coverage to Designated Premises or Project endorsement (Premises Limitation endorsement) does not provide a basis for defendant to decline coverage here. The Premises Limitation endorsement restricts coverage only to injuries or damages arising from the "ownership, maintenance or use of the [designated] premises . . . and operations necessary or incidental to those premises." The acts of negligence alleged in the underlying complaint here are "incidental to" the "use" of the premises designated in the Premises Limitation (*Matter of Vissa v Williamson*, 276 App Div 662 [3d Dept 1950], *affd* 302 NY 750 [1951]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.