■ PRAMENDRA PERSAUD et al., Respondents, v EVEREST NATIONAL INSURANCE COMPANY, Appellant. [36 NYS3d 669]—In an action, inter alia, in effect, pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the defendant appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 18, 2014, which granted the plaintiffs' motion, in effect, to vacate an order of the same court entered April 1, 2014, granting the defendant's unopposed motion pursuant to CPLR 3211 (a) to dismiss the complaint and, thereupon, to deny the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order entered October 18, 2014, is affirmed, with costs.

The plaintiff Pramendra Persaud (hereinafter the injured plaintiff) was injured when he fell from a balcony while performing electrical work for Vishwa Sooklall and his company Future Home Builders, Inc. (hereinafter Future Home). When the injured plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced an action to recover damages for personal injuries against, among others, Sooklall and Future Home, Future Home's insurer, the defendant Everest National Insurance Company (hereinafter Everest), disclaimed coverage, inter alia, on the ground of late notice. The plaintiffs subsequently obtained a default judgment against Sooklall and Future Home in the principal sum of $20 million.

Thereafter, the plaintiffs commenced this action, inter alia, in effect, pursuant to Insurance Law § 3420 (a) (2) to recover the unsatisfied judgment. Everest moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The plaintiffs did not submit opposition to the motion, and, in an order entered April 1, 2014, the Supreme Court granted Everest's motion to dismiss the complaint. Subsequently, the plaintiffs

moved, in effect, to vacate the order entered April 1, 2014, and, thereupon, to deny Everest's motion. The court granted the plaintiff's motion, vacated its prior order entered April 1, 2014, and, thereupon, denied Everest's motion to dismiss the complaint. Everest appeals.

The Supreme Court providently exercised its discretion in vacating the order entered April 1, 2014, upon the plaintiffs' default in opposing Everest's motion to dismiss the complaint, as the plaintiffs established a reasonable excuse for their default based upon a detailed claim of law office failure and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Yun Lu v Saia*, 123 AD3d 813, 814 [2014]).

Further, upon vacatur of its prior order, the Supreme Court properly denied Everest's motion to dismiss the complaint. With respect to that branch of Everest's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), the court properly determined that the evidence relied upon by Everest to establish that it did not receive timely notice of the underlying claim did not constitute documentary evidence (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]). Further, Everest's proof did not utterly refute the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law (*see Nunez v Mohamed*, 104 AD3d 921, 922 [2013]).

With respect to that branch of Everest's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, giving the plaintiffs' allegations the benefit of every possible favorable inference, the complaint adequately states a cause of action pursuant to Insurance Law § 3420 (a) (2) to recover the unsatisfied judgment against Future Home in the underlying action based on Everest's obligation to indemnify Future Home (*see* Insurance Law § 3420 [a] [2]; *Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1162 [2011]; *cf. Perkins v Allstate Ins. Co.*, 51 AD3d 647, 649 [2008]).

Accordingly, upon vacating the order entered April 1, 2014, the Supreme Court properly denied Everest's motion to dismiss the complaint. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.