■ KENNETH HUANG, as Administrator of the Estate of STELLA WONG HUANG, Deceased, et al., Appellants, v ANDREW D. FRANCO et al., Respondents. [51 NYS3d 188]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Velasquez, J.), entered April 4, 2016, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is granted.

The plaintiffs alleged that on November 27, 2013, Stella Wong Huang (hereinafter the decedent) was struck by a vehicle owned by the defendant Consolidated Edison Company of New York, Inc., and operated by the defendant Andrew D. Franco. The decedent was attempting to cross Avenue C at its intersection with East 16th Street in Manhattan when the accident occurred. She died as a result of her injuries. The plaintiffs, as administrators of the decedent's estate and individually, commenced this action against the defendants to recover damages for, inter alia, wrongful death. The plaintiffs thereafter moved, among other things, for summary judgment on the issue of liability. The Supreme Court denied that branch of their motion. We reverse.

A pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield (see McPherson v Chanzeb, 123 AD3d 1098, 1099 [2014]; Yun Lu v Saia, 123 AD3d 813, 814 [2014]). Here, the plaintiffs established, through admissible evidence, that Franco failed to yield the right of way to the decedent, who was crossing the street within the crosswalk with the pedestrian "WALK" signal in her favor (see Sanclemente v MTA Bus Co., 116 AD3d 688 [2014]; Billingy v Blagrove, 84 AD3d 848 [2011]; Benedikt v Certified Lbr. Corp., 60 AD3d 798 [2009]; see also Terwilliger v Knickerbocker, 81 AD3d 1350 [2011]). The plaintiffs' prima facie showing was buttressed by Franco's admission that he did not see the decedent and that he struck her (see Lesaldo v Dabas, 140 AD3d 708, 709 [2016]; Voskin v

*Lemel*, 52 AD3d 503 [2008]). As neither the plaintiffs' submissions nor the defendants' opposition papers revealed any triable issue of fact regarding the decedent's comparative negligence (*cf. Castiglione v Kruse*, 27 NY3d 1018 [2016]; *Thoma v Ronai*, 82 NY2d 736, 737 [1993]), the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability (*see Benedikt v Certified Lbr. Corp.*, 60 AD3d 798 [2009]; *Voskin v Lemel*, 52 AD3d 503 [2008]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.