Yuemei Wu v Automotive Rentals, Inc. (2018 NY Slip Op 00192)





Yuemei Wu v Automotive Rentals, Inc.


2018 NY Slip Op 00192


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-03874
 (Index No. 274/16)

[*1]Yuemei Wu, respondent, 
v
Automotive Rentals, Inc., et al., appellants.


Lawrence, Worden, Rainis & Bard, P.C., Melville, NY (George L. Maniatis of counsel), for appellants.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 17, 2017, which granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On January 4, 2016, at approximately 11:55 a.m., the plaintiff, with the pedestrian signal in her favor, was crossing 3rd Avenue at its intersection with 37th Street in Brooklyn. A vehicle owned by the defendant Automotive Rentals, Inc., and driven by the defendant Jonathan Kus, struck her as it was turning right from 37th Street onto 3rd Avenue. The plaintiff commenced this action against the defendants to recover damages for personal injuries.
The plaintiff moved for summary judgment on the issue of liability, submitting her deposition testimony and the deposition testimony of the defendant driver. The plaintiff testified that she looked in both directions and saw no vehicles. When the pedestrian signal changed in her favor, she waited "a bit," looked around to her right and left three to four times, and then started walking while looking around as she walked. She had taken about 10 steps before the subject accident occurred. She did not see the defendants' vehicle prior to impact. The defendant driver testified at his deposition that he started his right turn and did not realize there was an accident until he felt contact, and heard his front-seat passenger yell that someone was there. He admitted that he never saw the plaintiff prior to contact with the front of his vehicle. He was cited for the traffic violation of failing to yield the right-of-way, and pleaded guilty to that violation.
In opposition, the defendants submitted the affidavit of an expert, stating that in his opinion, the plaintiff did not stop and wait for the light, and she did not look to the left or the right. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.
The plaintiff established, prima facie, through admissible evidence, that the defendant driver failed to yield the right-of-way to her (see Huang v Franco, 149 AD3d 703; Gomez v Novak, 140 AD3d 831; Benedikt v Certified Lbr. Corp., 60 AD3d 798), and that she was observant while [*2]crossing the intersection. The conclusion of the defendants' expert to the contrary was based upon speculation (see Johnson v Robertson, 131 AD3d 670, 673). We note that the facts of this action are distinguishable from Castiglione v Kruse (130 AD3d 957, revd 27 NY3d 1018) and Thoma v Ronai (189 AD2d 635, affd 82 NY2d 736).
As neither the plaintiff's submissions nor the defendants' opposition papers revealed any triable issue of fact regarding the plaintiff's comparative negligence, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability (see Huang v Franco, 149 AD3d at 704).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court