S.P. v Dongbu Ins. Co. (2019 NY Slip Op 05988)





S.P. v Dongbu Ins. Co.


2019 NY Slip Op 05988


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04102
 (Index No. 516626/16)

[*1]S.P., etc., respondent, 
v
Dongbu Insurance Company, et al., appellants.


Gerber Ciano Kelly Brady LLP, New York, NY (Joanna Roberto and Brian Biggie of counsel), for appellants.
Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment against an insured of the defendant Dongbu Insurance Company, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 8, 2017. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against the defendant York Risk Services Group, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the plaintiff.
The defendant Dongbu Insurance Company (hereinafter the insurer) issued to nonparty Kosher Food Depot, Inc. (hereinafter KFD or the insured), a "Businessowners Policy" covering the period from March 11, 2013, to March 11, 2014. The defendant York Risk Services Group (hereinafter York) is the claims administrator for the policy. The policy includes an endorsement entitled "Limitation of Coverage to Designated Premises or Project" (hereinafter the endorsement), which added the following provision to "Section II - Liability": "This insurance applies only to bodily injury', property damage', personal and advertising injury' and medical expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or 2. The project shown in the Schedule." The endorsement's schedule and the "Businessowners Policy Declarations" identified the premises as 1279 42nd Street in Brooklyn, and the declarations described the insured's business as "Grocery."
On March 6, 2014, the plaintiff allegedly was injured in front of 1215 44th Street in Brooklyn (hereinafter the accident site), when he was struck by a flatbed pushcart or hand truck operated by an employee of KFD during the course of employment. The plaintiff subsequently commenced a personal injury action against KFD, and the insurer disclaimed coverage on the principal ground that the accident site was not a covered location under the policy. The plaintiff later moved for leave to enter a default judgment against KFD. The motion was granted, and a judgment [*2]was entered in favor of the plaintiff and against KFD. A copy of the judgment with notice of entry was served upon KFD, as well as the insurer and York.
Subsequently, the plaintiff commenced this action against the insurer and York pursuant to Insurance Law § 3420(a)(2) to recover the amount of the unsatisfied judgment entered in the personal injury action. The plaintiff alleged that, at the time of the accident, KFD's employee was "engaged in activities necessary and incidental to the business of [KFD]." The defendants made a pre-answer motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff opposed the motion. In an order dated March 8, 2017, the Supreme Court denied the motion "based upon issues of fact, including but not limited to the meaning of the policy language in this particular case with respect to use of the premises shown in the schedule and operations necessary or incidental to those premises,' upon which defendant[s] relie[d]." The defendants appeal.
Pursuant to Insurance Law § 3420(a)(2), an injured person who has obtained an unsatisfied judgment against a tortfeasor may commence an action against the tortfeasor's insurer to recover the amount of the unsatisfied judgment, up to the policy limit (see Lang v Hanover Ins. Co., 3 NY3d 350, 352; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 662; Konig v Hermitage Ins. Co., 93 AD3d 643, 645).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Persaud v Everest Natl. Ins. Co., 142 AD3d 544, 545; Lissauer v Guideone Specialty Mut. Ins., 109 AD3d 878). However, a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]; Sokol v Leader, 74 AD3d 1180, 1181). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether one has been stated, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177, quoting White v Continental Cas. Co., 9 NY3d 264, 267; see Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671). A policy is read as a whole, and "in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement" (County of Columbia v Continental Ins. Co., 83 NY2d 618, 628). "An insurance contract should not be read so that some provisions are rendered meaningless" (id. at 628; see Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d at 671).
Contrary to the defendants' contention, the complaint sufficiently stated a cause of action pursuant to Insurance Law § 3420(a)(2) against the insurer to recover the amount of the unsatisfied judgment in favor of the plaintiff and against the insured (see Persaud v Everest Natl. Ins. Co., 142 AD3d 544; see also Matter of Davis v Block & Smith, Inc., 297 NY 20; Matter of MacDonald v Grand Battery & Ignition Serv., 254 NY 605; City of New York v Granite State Ins. Co., 136 AD3d 523; De Forte v Allstate Ins. Co., 81 AD2d 465, 469; Matter of Vissa v Williamson, 276 App Div 662, affd 302 NY 750). The evidence submitted by the defendants did not demonstrate that a fact alleged in the complaint insofar as asserted against the insurer was undisputedly not a fact at all (see Lissauer v Guideone Specialty Mut. Ins., 109 AD3d at 879). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against the insurer.
However, we disagree with the Supreme Court's determination denying that branch [*3]of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against York. The complaint alleged that York's role was that of claims administrator for the insurer with regard to the policy. The evidence submitted by the defendants conclusively established that York did not have independent authority to issue the disclaimer and only did so at the direction of the insurer; that York is not an insurance company and did not participate in any way in the underwriting, issuance, or binding of the policy; and that York has no contractual privity with KFD or the plaintiff. Accordingly, the evidentiary materials conclusively established that the plaintiff had no cause of action against York. Further, in opposition to the defendants' motion, the plaintiff did not address that branch of the motion. Accordingly, the court should have granted that branch of the motion (see CPLR 3211[a][7]; Belling v City of Long Beach, 168 AD3d 900).
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court