Christopher W. v County of Suffolk (2021 NY Slip Op 04922)





Christopher W. v County of Suffolk


2021 NY Slip Op 04922


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-13097
 (Index No. 11478/12)

[*1]Christopher W. (Anonymous), etc., et al., appellants, 
v
County of Suffolk, et al., respondents, et al., defendants.


Neil H. Greenberg & Associates, P.C., Massapequa, NY (Keith E. Williams of counsel), for appellants.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for respondents County of Suffolk and Kimberly Gandolfo.
Kelly, Luglio & Arcuri, LLP, Deer Park, NY (Andrew A. Arcuri of counsel), for respondent Doreen Duque, as executor of the estate of Dorothy Upton.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 20, 2017. The order granted the motion of the defendants County of Suffolk and Kimberly Gandolfo for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs payable to the respondents County of Suffolk and Kimberly Gandolfo.
While walking to school on the morning of October 24, 2011, the infant plaintiff (hereinafter the infant), then 16 years old, was struck by a vehicle owned and operated by Dorothy Upton as he was crossing Montauk Highway, at its intersection with Wagstaff Lane and Barberry Road, in West Islip, within a crosswalk. A crossing guard, the defendant Kimberly Gandolfo, employed by the defendant County of Suffolk (hereinafter together the County defendants), was posted at that school crossing, which was near the rear entrance to West Islip High School.
The infant, by his father and natural guardian, and his father suing derivatively, commenced this action against, among others, the County defendants and Upton. The County defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted their motion. The plaintiffs appeal.
Vehicle and Traffic Law § 1102 provides that "[n]o person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic." Here, the County defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, transcripts of the deposition testimony of Gandolfo, Upton, and an eyewitness to the accident, which demonstrated that Upton's [*2]actions were the sole proximate cause of the accident. Gandolfo testified that, upon seeing the infant at the southern corner of the intersection from her post on the northern corner, she entered the crosswalk, and, upon reaching the middle, raised her stop sign toward traffic traveling east on Montauk Highway, and her gloved hand toward traffic traveling west, checked in both directions two times for approaching vehicles, and seeing none, nodded to the infant to enter the crosswalk. Gandolfo further testified that she heard Upton's vehicle, which was traveling east on Montauk Highway, before she saw it, and that, despite Gandolfo's presence in the crosswalk, Upton failed to stop her vehicle, and struck the infant as he had almost reached the middle of the crosswalk. The eyewitness testified that, after dropping her child off at the high school, she was waiting for the infant to walk through the crosswalk before making a right turn onto Montauk Highway, and the crossing guard, dressed in a crossing guard uniform, was in the middle of the crosswalk holding a stop sign, when the infant was struck as he approached the middle of the crosswalk. During her deposition, Upton, who frequently traveled the route where the accident occurred, testified that, prior to striking the infant, she saw Gandolfo in the road, holding up her stop sign, but did not see the infant until after her vehicle struck him.
The evidence submitted by the County defendants established, prima facie, that Gandolfo exercised due care in confirming that the road was clear of approaching vehicles by looking in both directions and by standing in the center of the crosswalk with a stop sign and her arm raised to stop traffic before signaling to the infant to enter the crosswalk, and that Upton, despite seeing Gandolfo in the crosswalk with a stop sign, failed to bring her vehicle to a stop (see Vehicle and Traffic Law § 1102; see e.g. Wray v Gallella, 172 AD3d 1446, 1448; Huang v Franco, 149 AD3d 703, 703).
In opposition, the plaintiffs failed to raise a triable issue of fact (see e.g. Huang v Franco, 149 AD3d at 703). Although the plaintiffs submitted the opinion of a human factors consulting scientist, their expert relied on speculation in rendering his opinion (see Troy v Grosso, 173 AD3d 1110, 1111).
Accordingly, the Supreme Court properly granted the County defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
MASTRO, J.P., AUSTIN and CONNOLLY, JJ., concur.
HINDS-RADIX, J., dissents, and votes to reverse the order, on the law, and deny the motion of the defendants County of Suffolk and Kimberly Gandolfo for summary judgment dismissing the amended complaint insofar as asserted against them, with the following memorandum:
As noted by my colleagues in the majority, while walking to school on the morning of October 24, 2011, at 6:50 a.m. when the sun was still below the horizon, the infant plaintiff (hereinafter the plaintiff), was struck by a vehicle owned and operated by Dorothy Upton as he was crossing from the south side to the north side of Montauk Highway, near where the rear entrance to West Islip High School was located.
Upton was traveling east on Montauk Highway. She testified at her deposition she was driving at about the speed limit of 40 miles per hour. An eyewitness to the accident estimated Upton's speed at 35 miles per hour, while the defendant Kimberly Gandolfo estimated Upton's speed as 50 miles per hour. There was no traffic light, stop sign, or yield sign at that intersection. Gandolfo testified that she looked both east and west to insure that no vehicles were coming in either direction, went to the middle of the street with her hand-held stop sign, and looked at the plaintiff, who started to cross. The eyewitness observed Gandolfo make a hand motion, signaling the plaintiff to cross, but could not make out what Gandolfo's sign said.
Gandolfo testified that she did not see Upton's vehicle because its headlights were off, while Upton testified her headlights were on and she could see the light from her headlights in front of her. Gandolfo saw Upton's vehicle when it was less than a block away, yelled "stop," and then yelled "run" to the plaintiff, "because [she] thought if he ran a little quicker" Upton would miss [*3]him. As she was issuing these instructions, her whistle dropped out of her mouth, and she never used it. She acknowledged that the plaintiff appeared confused.
Upton testified at her deposition that she saw Gandolfo in the road to her left, which would have been in the westbound lane. Upton never saw the plaintiff. Gandolfo was holding "something" in her hands.
The eyewitness testified that she could not make out what the sign Gandolfo was holding said, but believed it was a stop sign because it was red and white. She estimated that five seconds elapsed between Gandolfo motioning for the plaintiff to cross, and the impact, which the plaintiff's expert claimed was not enough time to make a reasoned decision to avert the accident. The eyewitness noted that, at the time of impact, the plaintiff was less than 50% across the road, which meant he would have still been in the eastbound lane. Gandolfo confirmed that the plaintiff was five feet from her at the time of impact, and closer to the side of the street from which he came—which was the eastbound lane.
My colleagues in the majority find that Upton violated Vehicle and Traffic Law § 1102 by failing to stop in compliance with Gandolfo's direction and by entering the crosswalk despite Gandolfo's presence in the crosswalk, and that this violation was the sole proximate cause of the accident. Although the evidence indicates that Gandolfo's stop sign was difficult to make out, it appears that Upton should have slowed down and ascertained what it said before she entered the crosswalk. However, this does not make Upton's actions the sole proximate cause. There may be more than one proximate cause of an accident (see Turturro v City of New York, 28 NY3d 469, 483).
It appears from this record that Gandolfo's alleged conduct could have been a substantial contributing cause of this accident. Gandolfo claimed that she could not see Upton's vehicle, because its headlights were not on. However, Upton disputed that testimony, indicating that Gandolfo may not have seen what was there to be seen (see Felix v Polakoff, 178 AD3d 561). Although Gandolfo had the right to anticipate that motorists will obey traffic laws that require them to yield, she also had an obligation to notice an oncoming vehicle that could have been seen by the exercise of reasonable care (see Wray v Galella, 172 AD3d 1446, 1447). There is conflicting testimony as to whether Upton was driving in excess of the speed limit, with Upton and the eyewitness claiming she did not exceed the speed limit. Further, the evidence indicates that Gandolfo directed the plaintiff to enter the crosswalk five seconds before impact, when it was too late to avoid the accident. Moreover it appears that Upton did not see the plaintiff to her right because she was concentrating on what Gandolfo was doing to her left with a sign which was difficult to read. Gandolfo's verbal commands came too late to avert the accident. Further, the plaintiff was distracted by Gandolfo's conflicting verbal instructions to stop and run.
As noted by the Supreme Court, the doctrine of governmental immunity does not apply to this case (see K.A. v City of New York, 169 AD3d 655, 656).
Since Gandolfo and the County of Suffolk did not eliminate triable issues of fact as to the circumstances under which the accident occurred, and what Gandolfo did or did not do, their motion for summary judgment should have been denied (see Lopez v Beltre, 59 AD3d 683, 684).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court