Ahmed v Fernando (2022 NY Slip Op 06453)

Ahmed v Fernando

2022 NY Slip Op 06453

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-12901
 (Index No. 506052/17)

[*1]Ove Ahmed, et al., respondents, 
v
Jose Fernando Garzon, et al., appellants.

Camacho Mauro Mulholland, LLP, New York, NY (Eric S. Malinowski of counsel), for appellants.
Monteleone & Siegel, PLLC, Mineola, NY (Jarad L. Siegel of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 28, 2019. The order granted the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
Ove Ahmed was crossing a street at an intersection in Queens, inside of a crosswalk and with a pedestrian crossing signal in her favor, when she was struck by a van owned by the defendant Amity Hosiery Co., Inc., and operated by its employee, the defendant Jose Fernando Garzon. Ahmed, and her husband suing derivatively, commenced this personal injury action against the defendants. Following discovery, the plaintiffs moved for summary judgment on the issue of liability. In an order dated August 28, 2019, the Supreme Court granted the motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). "A pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield" (Huang v Franco, 149 AD3d 703, 703).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiffs established that Ahmed stopped and looked both ways before entering the crosswalk within which she was walking, with the pedestrian signal in her favor, when Garzon failed to yield the right-of-way and struck Ahmed with the van he was operating (see Vehicle and Traffic Law §§ 1111[a][1]; 1112[a]; Maliakel v Morio, 185 AD3d 1018, 1019; Wray v Galella, 172 AD3d 1446, 1448).
In opposition, the defendants failed to raise a triable issue of fact as to Garzon's negligence. Contrary to the defendants' contention, Garzon's deposition testimony did not raise a triable issue of fact as to whether Ahmed was actually in the crosswalk at the time of the accident (see Fernandez v American United Transp., Inc., 177 AD3d 704, 707; Burnett v Reisenauer, 107 AD3d 656, 656).
The plaintiffs' request for certain affirmative relief is not properly before this Court, since the plaintiffs did not cross-appeal from the order dated August 28, 2019 (see Hecht v City of New York, 60 NY2d 57, 61-62; U.S. Bank N.A. v Dickenson, 176 AD3d 891, 892).
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court